THE STATE OF IOWA v. OLE OLSON, Appellant.

**Seduction: JURY QUESTION:** *Chastity.* A finding in a trial for seduction that the prosecuting witness was of previous chaste character is warranted although there was evidence that on several occasions she had conducted herself imprudently with others.

SAME. The evidence is sufficent to establish the use of seductive arts on the part of one charged with seduction where the testimony of the prosecuting witness in that respect is strongly corroborated by the defendant's letters to her, though part of the arts used was a promise to marry if conception occurred.

**Indictment: SEDUCTION.** An indictment charging the seduction of a certain *"unmarried person"* of previously chaste character sufficiently avers that the prosecutrix was an unmarried *woman.*

**Requesting Instructions.** An appellant who did not ask further instructions cannot complain that those given were not full and explicit; hence, one charged with seduction cannot complain that the court in his charge did not refer to evidence concerning the prosecutrix's association with other men prior to the seduction, where the issue as to previous chaste character was fully submitted to the jury, and nothing further was asked.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge,

WEDNESDAY, DECEMBER 14, 1898.

DEFENDANT was convicted of seduction, and sentenced to eighteen months' imprisonment in the penitentiary. Defendant appeals.—*Affirmed.*

*·R. W. Beeson* for appellant.

*Milton Remley,* Attorney General, for the State.

GIVEN, J.—The indictment charges that the defendant "did unlawfully and feloniously seduce, debauch, and carnally know one Mary Roll, an unmarried person of previously chaste character." The language of the statute (Code, section 4762) is: "If any person seduce and debauch any unmarried woman of previously chaste character." Defendant contends that the statute does make it a crime to seduce an "unmarried person," but expressly provides that the one seduced must be "an unmarried woman." "Person: A human being, as including body and mind; a man, woman, or child; an individual." Standard Dictionary. The words "unmarried person" in the indictment, taken alone, do not show whether that unmarried person was man or woman; but it is not in this narrow sense that we are to construe this indictment. The law has never recognized that the crime of seduction can be committed by any other than male persons, nor upon any other than female persons. "In applying the statute, the connection in which words are used is not to be disregarded." *State c. Hemm,* 82 Iowa, 610. In that case the words "unmarried female"

were used in the indictment, and it was held that the alleged
defect did not affect any substantial right of the defendant.
"The indictment must be direct and certain as regards
*   *   *   (2) the offense charged." Code, section 5280.
"The indictment is sufficient if it can be understood there-
from   *   *   *   that the act or omission charged as the
offense is stated in ordinary and concise language, with such
certainty and in such a manner as to enable a person of com-
mon understanding to know what is intended, and the court
to pronounce judgment according to law upon a conviction."
Code, section 5289. The charge being seduction, and the
person seduced being Mary Roll, every person of common
understanding would know that it was intended to charge
that Mary Roll was an unmarried woman; and therefore the
indictment is direct and certain as regards the offense
charged, and sufficient, under the statute.

II.   There was evidence as to Mary Roll's association
with other men prior to the alleged seduction, and defendant
complains that this was not referred to in the instructions.
The issue as to previous chaste character was quite
fully and fairly submitted to the jury, and nothing
further was asked. It was not for the court to empha-
size parts of the evidence by quoting or specifically referring
to it in the instructions.

There was evidence tending to impair the credibility of
the prosecutrix's testimony, and it is complained that the
court did not sufficiently instruct on this subject. The
instructions are plain and explicit on that point, and nothing
further was asked. Other complaints against the instructions
are equally without merit.

III.   Defendant contends that the verdict is not sus-
tained by the evidence, for that it shows that Mary Roll was
not of previous chaste character, and fails to show that
defendant used any seductive arts. There is evi-
dence that Mary Roll, then fifteen years of age, had
been in the company of other men two or three times

under circumstances that showed her to have acted very imprudently; but whether more should have been found from the evidence was for the jury to say. We cannot say that they were not warranted in finding that she was of previous chaste character. The prosecutrix testifies that she refused to submit to the defendant unless he would promise to marry her if she became pregnant, and that he so promised, and thereupon she submitted. It is contended that this does not constitute seduction. But this is not all of her testimony on that subject. She testifies that he had been with her all evening, about two hours and a half, before the intercourse, "making love to me, kissing me, and having his arm around me. He had been doing that all evening before he went up to this place." His letters to Mary tend strongly to corroborate her, and to show seductive arts. See *State v. Hughes,* 106 Iowa, 125. While there are many facts disclosed in the evidence favorable to the defendant, we cannot say that the verdict is not sustained by the evidence.—AFFIRMED.